UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAPINE,

    Plaintiff,

v.

HARTZLER, et al.,

    Defendants.
_____/

Case No. 20-12787
Honorable Victoria A. Roberts

## ORDER DENYING PLAINTIFF'S: (1) MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [ECF No. 10] AND (2) EMERGENCY MOTION FOR TEMPORARY RESTAINING ORDER AND PRELIMINARY INJUNCTION [ECF No. 15]

### I. INTRODUCTION & BACKGROUND

Michigan state prisoner Darrin LaPine filed a *pro se* complaint under 42 U.S.C. § 1983. [ECF No. 1]. There are three Defendants: M. Hartzler; Mike Groves; and Lt. White. LaPine alleges violations of his First and Eighth Amendment rights.

LaPine's Complaint details the following incidents. He says Hartzler assaulted him in March 2020. LaPine filed a grievance against Hartzler. He says Hartzler retaliated against him for filing the grievance by issuing him a misconduct ticket. In March 2020, while Groves prepared to transport LaPine to a medical appointment, White ordered Groves to use a black box restraint

1

on LaPine. The black box is an apparatus placed over handcuffs to prevent a prisoner from tampering with the handcuffs' lock. *See Bond v. Akiss*, 37 F.3d 1498 (6th Cir. 1994). LaPine says Groves knew the black box was too small for LaPine's wrists. The restraint injured LaPine's wrists, causing them to swell to "twice their normal size." Because of that incident, LaPine filed a grievance against White. He claims White threatened him for filing the grievance.

Before the Court are LaPine's motions for: (1) temporary restraining order and preliminary injunction [ECF No. 10] and (2) emergency temporary restraining order and preliminary injunction [ECF No. 15].

LaPine asks the Court to order the Michigan Department of Corrections and Macomb Correctional Facility ("MRF") to keep Hartzler, Groves, and White away from him. LaPine claims:

- He has been assaulted three times since December 2020 at the order of the Defendants by their MRF coworkers;

- All Defendants have direct access to him through their coworkers;

- All Defendants have threatened him; and

- Groves refused to transport him to an offsite medical appointment, resulting in the denial of medical treatment.

**II.    STANDARD OF REVIEW**

2

Injunctive relief is an extraordinary remedy that the Court should grant only if the movant carries the burden to prove that the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

LaPine must show that he is being threatened with a legally cognizable irreparable injury for which there is no adequate legal remedy (such as monetary damages). *Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006) (citing *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). The movant must "prov[e] that the circumstances clearly demand" the extraordinary remedy of a preliminary injunction. *Overstreet*, 305 F.2d 573.

When deciding motions for temporary restraining orders or for preliminary injunctions, a district court must consider: (1) the plaintiffs' likelihood of success on the merits; (2) whether the plaintiff could suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *Overstreet*, 305 F.3d at 573. The Court balances these factors. However, the failure to show a likelihood of success on the merits is usually fatal. *Gonzales v. National Bd. Of Med. Examiners*, 225 F.3d 620, 625 (6th Cir.2000).

III. ANALYSIS

### 1. Likelihood of Success on Merits

LaPine's initial burden in demonstrating entitlement to injunctive relief requires him to show a substantial likelihood of success on the merits of his § 1983 claim. *NAACP v. Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989). LaPine need not show that he is sure to prevail on any of his claims but he must "at a minimum, show [ ] serious questions going to the merits and irreparable harm which decidedly outweighs any potential harm to the defendant if the injunction is issued." *Six Clinics Holding Corp. v. Cafcomp Sys. Inc.*, 119 F.3d 393, 400 (6th Cir. 1997) (internal quotation omitted).

In its January 13, 2021 Order [ECF No. 6], the Court allowed LaPine's First Amendment retaliation claim to proceed against Hartzler and White and LaPine's Eighth Amendment claims to proceed against all Defendants. The Eighth Amendment claims are based on injuries allegedly sustained because of the March 2020 assault and the incident involving the black box restraint. The only support for LaPine's allegations are his Complaint, the two inmate affidavits that detail the March 2020 assault that he attached to his Complaint, and the motions at issue here. LaPine did not submit any medical records or other evidence, including his grievance record, that detail whether he received medical care or showing that it was denied.

LaPine says Defendants' coworkers orchestrated three assaults on him since December 2020 but does not submit evidence of these attacks. "Conclusory allegations, speculation, and unsubstantiated assertions are not evidence." *Lujan v. National Wildlife Fed'n*, 497 U.S. 871 (1990); *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

Although LaPine's allegations are serious and were sufficiently pled to survive dismissal, to obtain a preliminary injunction LaPine not only has to demonstrate specific harm; he also carries the *burden of persuasion* to show a likelihood of success on the merits. *See National Wildlife Fed'n v. Buford*, 878 F.2d 422 at 432 (D.C. Cir. 1989). This is greater than the burden LaPine would have to survive summary judgment, where he need only create a jury issue.

LaPine may not merely point to genuine issues of material fact which exist but must affirmatively demonstrate his entitlement to injunctive relief. This requires LaPine to present more stringent evidence than that required to oppose summary judgment. *See Leary*, 228 F.3d at 739. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 818-19 (4th Cir. 1992) (observing that the standard to obtain a preliminary injunction is higher than the standard to survive summary judgment). LaPine's showing fails to meet that burden.

It is not clear from the Complaint or the subsequent filings that LaPine has a substantial likelihood of success on either his First or Eighth Amendment claims. Although the Court makes no final determination on this issue, it appears at this preliminary stage that LaPine has not made a substantial showing of a violation of his constitutional rights.

### 2. Irreparable Injury

In determining whether a plaintiff has shown irreparable injury, courts consider the substantiality of the injury alleged, the likelihood of its occurrence, and the adequacy of the proof provided. *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir.1987).

LaPine alleges physical injuries, retaliation, and the denial of medical access by Defendants. He says Hartzler told him "[that] 'harm will come to [him]' and therefore a TRO and or a PI needs to be granted immediately before something worse happens to [him] than assault." Again however, LaPine fails to offer adequate proof other than his allegations that irreparable harm will occur without injunctive relief.

Moreover, LaPine contends that the Defendants ordered assaults on him through other MRF employees. It is unlikely that injunctive relief will prevent Defendants' coworkers from possibly assaulting LaPine.

Additionally, LaPine's injury is compensable with money. The Court may not enter a preliminary injunction where money damages will make the movant whole. *Performance Unlimited v. Questar Publishers, Inc.*, 52 F.3d 1373, 1382 (6th Cir. 1995). LaPine's request weighs against the issuance of injunctive relief.

Absent some evidence by LaPine, other than his allegations, the Court cannot find that the likelihood of the occurrence of future injury is high, or that LaPine presents sufficient proof of such possible injury to warrant injunctive relief.

### 3. Harm to Others

Where a prison inmate seeks to enjoin prison officials, courts must proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438 (6th Cir.1984).

LaPine does not address the potential harm to others. But, requiring Defendants to keep away from him would cause hardship on other guards as well as present potential safety concerns. An injunction would severely undermine the authority of correctional officials by limiting their ability to assign officers to areas of the prison where LaPine is housed. Granting LaPine's requested injunction would provide him the means to dictate where certain officers are assigned in his facility and potentially the entire prison

7

system. *See Shuler v. Severson*, 2018 WL 11273656 *3 (S.D. Fla. March 19, 2018); *Barley v. Jamison*, 2013 U.S. Dist. LEXIS 26063 *9, 2013 WL 802914 *3 adopted by, Objection overruled by, Injunction denied by *Barley v. Jamison*, 2013 WL 802118, 2013 U.S. Dist. LEXIS 25104 (M.D. Ala., Feb. 25, 2013).

This factor weighs against granting LaPine injunctive relief.

### 4. Public Interest

"[I]t is always in the public interest to prevent the violation of a party's constitutional rights." *Connection Distributing Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998). But, because LaPine fails to show a likelihood of success on the merits of his claims, the Court declines to address whether the public interest will be harmed by the granting of a preliminary injunction or restraining order.

## IV. CONCLUSION

LaPine must show more than a genuine issue of fact, he must show that the merits weigh decidedly in his favor. *See Leary*, 228 F.3d at 739.

LaPine fails to show a likelihood of success on the merits of his claim, that he will suffer irreparable injury if the Court does not grant his motions, or that the balance of harm weighs in his favor. Upon consideration of these factors, a balancing weighs against granting injunctive relief.

LaPine's motions for temporary restraining order and preliminary injunction are **DENIED WITHOUT PREJUDICE.**

**ORDERED**.

s/ Victoria A.Roberts
Victoria A. Roberts
United States District Judge

Dated: May 24, 2021