UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAPINE,

    Plaintiff,

v.

HARTZLER, et al.,

    Defendants.

_____/

Case No. 20-12787
Honorable Victoria A. Roberts

## ORDER DENYING PLAINTIFF'S: (1) MOTION TO ALTER OR AMEND THE JANUARY 13, 2021 ORDER [ECF No. 8] AND (2) MOTION TO ALTER OR AMEND THE JANUARY 13, 2021 ORDER [ECF No. 9]

Michigan state prisoner Darrin LaPine filed a *pro se* complaint under 42 U.S.C. § 1983. [ECF No. 1]. He named twenty-one defendants. LaPine says employees at the Macomb Correctional Facility ("MRF") assaulted him and retaliated against him for filing grievances. He also says he sustained injuries after Defendants improperly restrained him prior to an off-sight medical appointment. LaPine claims he did not receive adequate medical attention for his injuries and the Defendants subjected him to conditions amounting to cruel and unusual punishment. LaPine alleged violations of his First, Fifth, Eighth, and Fourteenth Amendment rights.

1

On January 13, 2021, the Court sua sponte entered an Order of Partial Dismissal. [ECF No. 6]. The Court dismissed eighteen Defendants and LaPine's Fifth and Fourteenth Amendment claims. The remaining Defendants are M. Hartzler, Mike Groves, and Lt. White.

LaPine's February 10, 2021 motion asks the Court to reinstate all Defendants and causes of actions under Fed. R. Civ. P. 59(e). [ECF No. 8]. LaPine has two arguments.

First, he says the court erred by stating he was "guilty" of the March 13, 2020 misconduct when in fact, he claims he was found "not guilty."

Second, LaPine says the Court should have liberally construed the allegations in his complaint because he is a *pro se* filer. LaPine says the Court improperly analyzed the complaint under a heightened standard, evaluating "[t]he quality of the complaint and evidence" instead of holding it "to a lessor [*sic*] standard and indulgently read[ing]" it.

LaPine's January 26, 2021 motion asks the Court to consider the following additional allegations:

- Michigan Department of Corrections ("MDOC") staff has ordered several assaults against him;
- He has been denied medical treatment; and

- He has been refused access to his legal property and the library.

[ECF No. 9]. LaPine asks the Court to order the MDOC and/or MRF to allow him access to his legal property, word processor, and a place to work so that he can file materials with the Court including, an amended complaint and other pleadings.

The Court construes LaPine's motions as motions for reconsideration. Local Rule 7.1(h)(3) provides the Court's standard of review for a motion for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for ... reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided." *Id*.

In ordering partial dismissal, the Court held LaPine failed to make proper allegations to support claims against the dismissed Defendants and that he did not allege with any specificity what conduct allegedly violated his Fifth and Fourteenth Amendments.

LaPine fails to demonstrate a palpable defect, the correction of which will result in a different disposition of his complaint.

The Court does not consider LaPine's request to order the MDOC and/or MRF to allow him access to his legal property because he raises these issues for the first time in these motions. "[A] motion for reconsideration is not an appropriate vehicle for raising new facts or arguments." *United States v. A.F.F.*, 144 F. Supp. 2d 809, 812 (E.D. Mich. 2001). *See also Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 Fed. Appx. 473, 476 (6th Cir. 2014) ("It is well-settled that 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.' Furthermore, a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier." (citation omitted)). Although the Court does not order Defendants, the MDOC, or MRF to grant LaPine access to his legal property they each understand that they must give him access to such property.

The Court **DENIES** LaPine's motions to alter or amend the January 13 Order.

**ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: May 24, 2021